# EXHIBIT 1

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    COLIN T. KEMP (SBN 215408)
2   JOSEPH D. JEAN (*Pro Hac Vice To Be Filed*)
    Four Embarcadero Center, 22nd Floor
3   San Francisco, California 94111
    Telephone:    415.983.1000
4   Facsimile:    415.983.1200.
    colin.kemp@pillsburylaw.com
5   joseph.jean@pillsburylaw.com

6   Attorneys for Plaintiff ESALEN INSTITUTE

7

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 6/21/2019 3:34 PM
By: Marcella Whitehouse, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF MONTEREY

10

11   ESALEN INSTITUTE,                          )   CASE NO.  19CV002462
                                                )
12                        Plaintiff,            )   **COMPLAINT AND JURY DEMAND**
                                                )
13      vs.                                     )
                                                )
14   FIRST SPECIALTY INSURANCE                  )
     CORPORATION, LEXINGTON                     )
15   INSURANCE COMPANY, and DOES 1-20,          )
     inclusive                                  )
16                                              )
                         Defendants.            )
17   _____        )

18

19

20

21

22

23

24

25

26

27

28                              - 1 -
                        Complaint and Jury Demand

1    Plaintiff ESALEN INSTITUTE ("Esalen"), for its Complaint for a declaratory

2  judgment and damages against Defendants First Specialty Insurance Corporation,

3  Lexington Insurance Company, and DOES 1-20, inclusive (collectively, the "Insurers"),

4  allege as follows:

5                    **NATURE OF THE ACTION AND RELIEF SOUGHT**

6        1.    This action arises from the failure and refusal of the Insurers to honor the

7  promises contained in the all-risks commercial property insurance policies Esalen

8  purchased from the Insurers (the "Policies").

9        2.    Esalen is a non-profit organization that owns and operates a world-renowned

10  retreat and educational center perched on the rugged bluffs of Big Sur, California,

11  overlooking the Pacific Ocean.  It is located off the iconic Pacific Coast Highway

12  ("Highway 1").  Esalen draws guests from various backgrounds, including celebrities,

13  wellness-seekers, and corporate customers.  Esalen is famous for its educational and

14  therapeutic workshops, art studio, hot springs, farm and garden, dining lodge, guest

15  accommodations, and bookstore—all set against the backdrop of Big Sur's dramatic beauty.

16  Because of its remote, mountainous location, Esalen is almost exclusively accessible via

17  Highway 1.  The scenic drive on Highway 1 in Big Sur is an attraction in and of itself that

18  brings many tourists to the area each year.

19        3.    In or around January 2017, physical damage to Highway 1 began to occur.

20  In or around February 2017, the Pfeiffer Canyon Bridge, which carries Highway 1 through

21  the Big Sur area, collapsed.  Esalen was rendered virtually inaccessible to vehicular traffic,

22  and as a result could not operate and lost significant business income for a period of

23  approximately seven months.  Esalen's losses are in the millions of dollars.

24        4.    The business interruption loss experienced by Esalen is covered by the

25  Policies.  Yet, the Insurers—without a proper basis in the Policy or applicable law—refused

26  to provide any coverage for Esalen's losses.

27

28                                    - 2 -

5.  Pursuant to California Code of Civil Procedure section 1060, Esalen seeks a declaration of the rights, duties, and obligations of the parties under the Policies. In short, the parties disagree on whether there is coverage under the Policies for Esalen's losses. Accordingly, a case and controversy exists between the parties about their respective rights and obligations under the Policies, and a declaration thereof is necessary. Esalen also seeks damages because the Insurers have breached the Policies.

6.  As a result of the Insurers' conduct, Esalen has already suffered, and continues to suffer, significant economic hardship. As set forth herein, Esalen seeks, *inter alia*, a declaration concerning the proper interpretation of the Policies and damages arising from the breach of the terms of the Policies.

**THE PARTIES**

7.  Esalen is a 501(c)(3) non-profit corporation formed under the laws of California, with its principal place of business in California, and, at all relevant times, has been transacting business in California.

8.  Upon information and belief, Defendant First Specialty Insurance Corporation ("First Specialty") is a company formed under the laws of Missouri, with its principal place of business in Missouri. Upon information and belief, at all relevant times, First Specialty has been in the business of underwriting insurance policies and has conducted substantial business within California including underwriting and issuing policies that cover policyholders located in California.

9.  Upon information and belief, Defendant Lexington Insurance Company ("Lexington") is a company formed under the laws of Delaware, with its principal place of business in Massachusetts. Upon information and belief, at all relevant times, Lexington has been in the business of underwriting insurance policies and has conducted substantial business within California including underwriting and issuing policies that cover policyholders located in California.

- 3 -

Complaint and Jury Demand

1        10.    Esalen is unaware of the true names and capacities of the other defendants

2   sued herein, DOES 1 through 20, inclusive, and therefore sues said DOE Defendants by

3   such fictitious names in accordance with California Civil Procedure Code section 474.

4   Esalen is informed and believes and on that basis alleges that each of the fictitiously named

5   defendants is in some way responsible for the damages Esalen sustained and continues to

6   sustain. As stated in above, all DOE Defendants are incorporated within the definition of

7   "Insurers" as used herein, so that all allegations herein as to the Insurers are also as to said

8   DOE Defendants. Esalen will move to amend this Complaint to show their true names and

9   capacities when the same have been ascertained.

10   **JURISDICTION AND VENUE**

11        11.    This Court has personal jurisdiction over the Insurers and venue in this

12   judicial district is proper under California Code of Civil Procedure §§ 395(a), 395.5 and

13   410.10 because: (1) the Insurers regularly transact and conduct business in California;

14   (2) Monterey County is the county in which the contracts (the Policies) were to be

15   performed; (3) the losses giving rise to coverage obligations under the Policies occurred in

16   the County of Monterey, California; (4) the relevant real property and business income

17   insured under the Policies is located in the County of Monterey, California; and (5) the

18   effects of the Insurers' conduct giving rise to this action took place in California and were

19   felt in the County of Monterey, California and elsewhere in California.

20        12.    The amount in controversy exceeds $25,000.

21   **FACTUAL BACKGROUND**

22   **Esalen and its Losses**

23        13.    Esalen is a storied retreat and educational destination situated on 120 acres

24   on the rugged Pacific coast in Big Sur. Since its opening in the 1960's, it has drawn guests

25   from around the country and the world, and was an early incubator for organic food

26   practices, yoga, and meditation in this country. As a nonprofit organization, Esalen

27

28                            - 4 -

1  endeavors to provide a serene environment for guests to learn and reconnect with their inner
2  selves while immersed in the natural beauty of the Big Sur coast.

3      14.    Esalen offers guests, *inter alia*, educational and therapeutic workshops,
4  including those dedicated to art, music, and nature.  Esalen also features an art studio,
5  bookstore, hot springs, and overnight accommodations for guests.  The on-site farm and
6  garden provide food year-round to Esalen's renowned kitchen and dining lodge.  Esalen
7  also offers the public the unique opportunity to night bathe at its famous hot springs
8  overlooking the Pacific and under the stars.  Esalen is a place of pilgrimage for people to
9  pursue spiritual growth and education, and its remote location in Big Sur, along Highway 1,
10 is of critical importance to its appeal.

11     15.    In or around January 2017, Highway 1 in and near Big Sur began to
12 experience physical damage.  In or around February 2017, the Pfeiffer Canyon Bridge—
13 which carries car traffic to Esalen via Highway 1—collapsed and was closed.  Guests had to
14 be evacuated from Esalen by helicopter.  For approximately the next seven months, Esalen
15 shut down, resulting in millions of dollars in lost business income.

16                  **The Policies and the Insurers' Denial of Coverage**

17     16.    Esalen purchased an all risks commercial property policy from First
18 Specialty bearing Policy Number ESP 2000878 02 and an all risks commercial property
19 policy from Lexington bearing Policy number 018194261.  In exchange for the coverages
20 provided by the Policies, Esalen was charged and paid a lucrative premium.

21     17.    First Specialty and Lexington alone drafted the First Specialty and
22 Lexington Policies, respectively.

23     18.    The Policies are effective "From 08/01/2016 To 08/01/2017[.]"  Esalen is
24 the named insured under the Policies.

25     19.    Each of the Policies "insures against all risks of direct physical loss or
26 damage to Insured Property, except as excluded."  This type of policy is known as an "all

27

28                              - 5 -

1  risks" policy because it provides coverage for all risks unless specifically excluded under

2  the policy.

3      20.    The Policies provide combined limits of $10,000,000 in coverage per

4  occurrence.

5      21.    Among other additional coverages, under the heading "Additional Time

6  Element Coverages," the Policies provide "INGRESS & EGRESS" coverage for the loss

7  sustained during the period of time when ingress to or egress from insured property is

8  prohibited due to off-premises damage from a "Covered Cause of Loss."

9      22.    The Policies also provide additional coverage for "INTERRUPTION BY

10 CIVIL OR MILITARY AUTHORITY," covering loss sustained during the period of time

11 when access to insured property is prohibited by an order of civil or military authority due

12 to off-premises damage from a "Covered Cause of Loss."

13     23.    Both the "INGRESS & EGRESS" and "INTERRUPTION BY CIVIL OR

14 MILITARY AUTHORITY" coverages are subject to a per-occurrence sublimit of 30 days,

15 capped at $1,000,000. Both coverages are subject to a deductible of 1 day.

16     24.    Esalen provided timely notice of its business interruption loss to the Insurers

17 in or around February 2017. Esalen has satisfied all its obligations under the Policies and

18 the law.

19     25.    On or about June 22, 2017 and June 29, 2017, the Insurers denied coverage

20 for Esalen's business interruption claim. While the Insurers conceded that public access to

21 and from Big Sur "was not allowed as the Department of Transportation had shut down the

22 roads," the Insurers asserted that no "Covered Cause of Loss" had occurred and therefore

23 coverage had not been triggered under the "INGRESS & EGRESS" and "INTERRUPTION

24 BY CIVIL OR MILITARY AUTHORITY" provisions.

25     26.    Esalen disputes the Insurers' conclusion, which, upon information and

26 belief, is not based on a good faith investigation of the loss or interpretation of the Policies.

27 The loss is not subject to an exclusion and coverage has been triggered under the

28

1 "INGRESS & EGRESS" and/or "INTERRUPTION BY CIVIL OR MILITARY

2 AUTHORITY" coverages under the Policies.

3     27.    The Insurers have thus sought to minimize their own liability at the expense

4 of their insured, Esalen, in breach of promises made to Esalen under the Policies. As a

5 result, Esalen has suffered, and continues to suffer, significant economic hardship.

6 **FIRST CAUSE OF ACTION**

7 **(For Declaratory Judgment)**

8 **(Against All Defendants)**

9     28.    Esalen repeats and re-alleges the allegations of paragraphs 1 through 27 as if

10 fully set forth herein.

11     29.    The Insurers agreed to indemnify Esalen for losses incurred as a result of all

12 risks not specifically excluded under the Policies.

13     30.    The burden of proof is upon the Insurers to demonstrate that coverage is

14 limited in any way under their respective Policies.

15     31.    An actual and justiciable controversy currently exists between Esalen and

16 the Insurers with respect to the duties and obligations of the Insurers under their respective

17 Policies to provide coverage for Esalen's losses.

18     32.    Pursuant to California Code of Civil Procedure § 1060, Esalen seeks a

19 judicial determination by this Court that the Insurers are obligated to provide coverage for

20 Esalen's losses under their respective Policies, and that such losses resulted from a

21 "Covered Cause of Loss."

22     33.    Such a judicial determination is necessary and appropriate at this time under

23 the circumstances alleged.

24

25

26

27

28 - 7 -

Complaint and Jury Demand

1     **SECOND CAUSE OF ACTION**

2     **(For Breach of Contract)**

3     **(Against All Defendants)**

4     34.    Esalen repeats and re-alleges the allegations of paragraphs 1 through 27 as if

5     fully set forth herein.

6     35.    The Policies constitute written contracts under which the Insurers agreed to

7     indemnify Esalen against its losses under the terms of their respective Policies.

8     36.    As one or more of Esalen's losses gives rise to coverage under the Policies,

9     they gave rise to the Insurers' duty to indemnify Esalen for its losses under their respective

10    Policies.

11    37.    The Insurers' commitment to indemnify Esalen is a significant right afforded

12    under the Policies and the Insurers knew, when they issued the Policies, that Esalen would

13    experience damage, including consequential damages, if they did not honor their

14    commitment to indemnify Esalen.

15    38.    Esalen complied with all provisions and obligations under the Policies, to the

16    extent not excused or waived by the Insurers.

17    39.    The Insurers breached their respective Policies by, among other things,

18    wrongfully failing to pay amounts due under the respective Policies.

19    40.    As a direct and proximate result of the Insurers' breaches, Esalen has

20    suffered damages in an amount to be determined at trial.

21    **PRAYER FOR RELIEF**

22    WHEREFORE, Esalen prays for judgment against the Insurers as follows:

23    A.    On the First Cause of Action, for a declaration in accordance with the

24          contentions of Esalen as stated above.

25    B.    On the Second Cause of Action, for general, special and consequential

26          damages, plus interest, according to proof at the time of trial.

27

28
                                   - 8 -

1       C.    On all Causes of Action, for Esalen's reasonable attorneys' fees, interest,

2           costs, and the expenses of this action.

3       D.    For such other and further relief as this Court deems just and proper.

4                            **JURY DEMAND**

5      Esalen hereby demands a trial by jury on all issues so triable in this action.

6    Dated: June 21, 2019

7                                 PILLSBURY WINTHROP SHAW PITTMAN LLP

8

9                             By:

                                      Colin K. Kemp

10                         Attorneys for Plaintiff ESALEN INSTITUTE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        - 9 -

1   Samuel H. Ruby, SBN 191091
    Matthew A. Trejo, SBN 320464
2   BULLIVANT HOUSER BAILEY PC
    101 Montgomery Street, Suite 2600
3   San Francisco, CA 94104
    Telephone: 415.352.2700
4   Facsimile: 415.352.2701
    E-mail: samuel.ruby@bullivant.com
5   E-mail: matthew.trejo@bullivant.com

6   Attorneys for Defendant
    Lexington Insurance Company
7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF MONTEREY

10                          UNLIMITED JURISDICTION

11

12   ESALEN INSTITUTE,                        Case No.: 19CV002462

13                 Plaintiff,                 **DEFENDANT LEXINGTON
                                              INSURANCE COMPANY'S ANSWER TO**
14        v.                                  **COMPLAINT**

15   FIRST SPECIALTY INSURANCE
     CORPORATION; LEXINGTON
16   INSURANCE COMPANY; and DOES 1
     through 20, inclusive,
17
                   Defendants.               Complaint Filed:   6/21/19
18                                           Trial:             Not Set

19

20        Lexington Insurance Company (hereinafter, "Lexington") answers the unverified

21   Complaint of Esalen Institute (hereinafter, "Plaintiff") as follows:

22                              **GENERAL DENIAL**

23        Pursuant to Code of Civil Procedure § 430.30, Lexington generally denies each and

24   every allegation contained in the Complaint.  Lexington further denies that Plaintiff has been

25   damaged in the amounts alleged, or any other sum.

26                         **FIRST AFFIRMATIVE DEFENSE**

27        The Complaint does not state a claim for relief against Lexington.

28   ///

4813-7369-2580.1                          – 1 –

## SECOND AFFIRMATIVE DEFENSE

Coverage for plaintiff's losses, and therefore plaintiff's Complaint and each and every cause of action herein, are precluded by any and all applicable exclusions in the policy, including but not limited to the exclusion for "Earth Movement."

## THIRD AFFIRMATIVE DEFENSE

Lexington's liability, if any, is limited by all policy limits, sub-limits, deductibles and valuation clauses in the policy, including but not limited to the sub-limit of "30 Days, but in no event will the Company pay more than $1,000,000" applicable to Ingress/Egress Coverage.

## FOURTH AFFIRMATIVE DEFENSE

Lexington reserves the right to demand appraisal per the policy's appraisal clauses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by plaintiff and/or other persons or entities.  Lexington is entitled to an apportionment of fault.  Lexington' liability, if any, must be reduced so as not to exceed its apportionment.

## SIXTH AFFIRMATIVE DEFENSE

Lexington' liability, if any, must be reduced to the extent that Plaintiff failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive and/or exemplary damages is barred because the California punitive damage statute is unconstitutional in that, among other things, it is void for vagueness, violative of the equal protection clause, violative of the due process clause, an undue burden on interstate commerce, a violation of the contract clause, and violative of the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

///

///

///

///

///

1

**PRAYER**

WHEREFORE, Lexington prays for entry of judgment as follows:

1.    That Plaintiff take nothing and that its Complaint be dismissed with prejudice;

2.    For costs of suit; and

3.    For such other relief as is appropriate.

DATED:  September 12, 2019

BULLIVANT HOUSER BAILEY PC

By _____
    Samuel H. Ruby
    Matthew A. Trejo

Attorneys for Defendant
Lexington Insurance Company

\*\*\*\*\*

– 3 –

LEXINGTON INSURANCE COMPANY'S ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2

*Esalen Institute v. First Specialty Insurance Corporation, et al.*
Monterey County Superior Court, Case No. 19CV002462

3

4

I am employed in the City and County of San Francisco by the law firm of Bullivant
Houser Bailey, PC ("the business"), 101 Montgomery Street, Suite 2600, San Francisco, CA
94104. I am over the age of 18 and not a party to this action. On September 12, 2019, I served
the document(s) entitled:

5

6

**DEFENDANT LEXINGTON INSURANCE COMPANY'S ANSWER TO COMPLAINT**

7

upon the following party(ies):

8

9

Colin T. Kemp
Joseph D. Jean
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Flr.
San Francisco, CA  94111
Tel: 415-983-1000
Fax: 415-983-1200
E-mail: colin.kemp@pillsbury.com
          Joseph.jean@pillsbury.com

10

11

12

13

Attorneys for Plaintiff
ESALEN INSTITUTE

14

15

16   ☒   BY MAIL (CCP § 1013(a)): I am readily familiar with the ordinary practice of the
business with respect to the collection and processing of correspondence for mailing
with the United States Postal Service. I placed a true and correct copy(ies) of the above-
titled document(s) in an envelope(s) addressed as above, with first class postage thereon
fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and
mailing by the United States Postal Service in accordance with the ordinary practice of
the business. Correspondence so placed is ordinarily deposited by the business with the
United States Postal Service on the same day.

17

18

19

20

21   ☐   BY E-MAIL VIA PDF FILE: By transmitting on this date via e-mail a true and correct
copy scanned into an electronic file Adobe "pdf" format. The transmission was reported
as complete and without error.

22

23   ☐   BY FACSIMILE TRANSMISSION (CCP § 1013(e), CRC 2.306): I transmitted the
document(s) by facsimile transmission by placing it(them) in a facsimile machine
(telephone number 415-352-2701) and transmitting it(them) to the facsimile machine
telephone number(s) listed above. A transmission report was properly issued by the
transmitting facsimile machine. Each transmission was reported as complete and
without error. A true and correct copy of the transmission report is attached hereto.

24

25

26

27   ☐   BY OVERNIGHT DELIVERY (CCP § 1013(c)): I am readily familiar with the
ordinary practice of the business with respect to the collection and processing of
correspondence for mailing by Express Mail and other carriers providing for overnight

28

– 1 –

delivery.  I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid.  I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business.  Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

☐  BY PERSONAL SERVICE UPON AN ATTORNEY (CCP § 1011(a)):  I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above.  I delivered each of said envelope(s) by hand to a receptionist or a person authorized to accept same at the address on the envelope, or, if no person was present, by leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

☐  BY PERSONAL SERVICE UPON A PARTY (CCP § 1011(b)):  I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above.  I delivered each of said envelope(s) by hand to a person of not less than 18 years of age at the address listed on the envelope, between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 12, 2019, at San Francisco, California.

Daisy I. Broyles

*****

# EXHIBIT 2

1   ELIOT R. HUDSON (SBN 66251)
    eliot.hudson@dlapiper.com
2   **DLA PIPER LLP (US)**
    555 Mission Street, Suite 2400
3   San Francisco, California 94105-2933 Telephone:
    415.615.6026
4   Facsimile: 415.659.7326

5   Attorneys for Defendant
    FIRST SPECIALTY INSURANCE
6   CORPORATION,

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **IN AND FOR THE COUNTY OF MONTEREY**

10  ESALEN INSTITUTE,                          CASE NO.  19CV002462

11          Plaintiff,                         **NOTICE TO STATE COURT OF
                                               REMOVAL TO FEDERAL COURT**
12      vs.

13  FIRST SPECIALTY INSURANCE                  Complaint Filed:     June 21, 2019
    CORPORATION, LEXINGTON                     Discovery Cutoff:    Not Set
14  INSURANCE COMPANY, and DOES 1-             Motion Cutoff:       Not Set
    20, inclusive,                             Trial Date:          Not Set
15

16          Defendants.

17

18          **PLEASE  TAKE  NOTICE**  that  the  undersigned  counsel  for  Defendant  FIRST

19  SPECIALTY  INSURANCE  CORPORATION  has  filed  a  Notice  of  Removal  removing  this

20  action to the United States District Court for the North District of California.

21          The original of the Notice of Removal has been filed with the District Court.  A true and

22  correct copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit A.

23  Dated:  September 18, 2019              DLA PIPER LLP (US)
                                           By
24

25                                             /s/ Eliot R. Hudson
                                           _____
26                                         ELIOT R. HUDSON
                                           Attorneys for Defendant
27                                         FIRST SPECIALTY INSURANCE
                                           CORPORATION
28

                                            - 1 -

EXHIBIT A

1  ELIOT R. HUDSON (SBN 66251)
   eliot.hudson@dlapiper.com
2  **DLA PIPER LLP (US)**
   555 Mission Street, Suite 2400
3  San Francisco, California 94105-2933 Telephone:
   415.615.6026
4  Facsimile: 415.659.7326

5
   Attorneys for Defendant
6  FIRST SPECIALTY INSURANCE
   CORPORATION

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10
    ESALEN INSTITUTE,                    | CASE NO.
11
              Plaintiff,
12                                        | **NOTICE OF REMOVAL OF ACTION**
         vs.                              | **UNDER 28 U.S.C. § 1441**
13
    FIRST SPECIALTY INSURANCE
14  CORPORATION, LEXINGTON                | [*Filed concurrently with the Declaration of Eliot
    INSURANCE COMPANY, and DOES 1-        | R. Hudson; Civil Cover Sheet; Corporate
15  20, inclusive,                        | Disclosure Statement; and Certification of
                                          | Interested Entities or  Persons*]
16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

- 1 -
NOTICE OF REMOVAL

TO THE CLERK AND THE PARTIES THROUGH THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, First Specialty Insurance Corporation ("First Specialty"), represented by the undersigned counsel, hereby removes the action entitled *Esalen Institute v. First Specialty Insurance Corporation, and Does 1 through 20, inclusive*, Case No. 19CV002462 – with reservation of all defenses and rights – from the Superior Court of the State of California, County of Monterey (the "State Court Action").

Pursuant to 28 U.S.C. § 1446(a), First Specialty has attached as **Exhibit 1** all of the process, pleadings, orders in the State Court Action that have been served on First Specialty to date.

As to the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), First Specialty states as follows:

## I.      REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

This Court has subject matter jurisdiction over this action because there is diversity jurisdiction – specifically, the action is "between … citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a).

### A.      There Is Complete Diversity of Citizenship And No Defendant Is A Citizen Of California

There is complete diversity among the properly served and joined parties to this action.

Complete diversity of citizenship existed at the time Plaintiff Esalen Institute ("Plaintiff") commenced the State Court Action and continues to exist at the time of removal, and First Specialty seeks removal through this Notice.

At the time of the filing of the State Court Action, and as of the time of removal, Plaintiff was and is a non-profit organization incorporated under the laws of the state of California and

1   with a principal place of business located in California.  *See* Compl. ¶ 7.  A corporation is a

2   citizen of the state where it was incorporated and the state where it has its principal place of

3   business. 28 U.S.C. § 1332(c)(l); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

4   At the time of the filing of the State Court Action, and as of the time of removal, First

5   Specialty was and is a corporation incorporated under the laws of the state of Missouri, with its

6   principal place of business in Overland Park, Kansas.

7   At the time of the filing of the State Court Action, and as of the time of removal,

8   Defendant Lexington Insurance Company ("Lexington") was and is a corporation incorporated

9   under the laws of the state of Delaware, with its principal place of business in Massachusetts.

10   The Complaint purports to identify "Does" as defendants in the action.  In determining

11   whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this

12   title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §

13   1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14

15   **B.    The Amount In Controversy Exceeds $75,000, Exclusive Of Interest And Costs**

16

17   "[A] defendant's notice of removal need include only a plausible allegations that the

18   amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*

19   *v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the

20   defendant's amount-in-controversy allegation should be accepted when not contested by the

21   plaintiff or questioned by the court." *Id.*

22   The Complaint alleges that Plaintiff sustained millions of dollars in damages due to

23   business interruption loss caused by the February 2017, collapse of Pfeiffer Canyon Bridge,

24   which carries traffic on Highway 1 through Big Sur, California, where Plaintiff's retreat and

25   educational center is located. As a result of the collapse, Plaintiff's business was allegedly shut

26   down for seven months. *See* Complaint, ¶¶ 13-15; Prayer for Relief.

27

28

Plaintiff alleges that its millions of dollars in business interruption losses are covered under insurance contracts issued by Defendants First Specialty and Lexington. *See* Complaint, ¶¶ 16-24.

Plaintiff asserts causes of action for Declaratory Judgment and Breach of Contract against First Specialty and Lexington. The Complaint also seeks special and consequential damages, interest, attorneys' fees, and costs. *See* Complaint, ¶¶ 28-40; Prayer for Relief.

While First Specialty disputes Plaintiffs' claims, including its alleged damages, and denials all liability and all damages, it is apparent that this action well exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

## II.     **REMOVAL IS TO THE PROPER COURT**

Plaintiff filed the Complaint in the Superior Court of the State of California for the County of Monterey, which is in within this judicial district and division. *See* 28 U.S.C. § 1441(a), 1446(a).

## III.    **REMOVAL IS TIMELY**

This Notice of Removal is timely filed. The notice of removal of a civil action or proceeding "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant is such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1441(b)(1).

Here, Plaintiffs filed the Complaint in the State Court Action on June 21, 2019.

First Specialty was served with the Summons and Complaint in the State Court Action on August 20, 2019.

Defendant First Specialty has thus filed this Notice of Removal prior to the expiration of the thirty-day period for removal prescribed by 28 U.S.C. § 1446(b).

DLA PIPER LLP (US)
SAN FRANCISCO

NOTICE OF REMOVAL

## IV. FIRST SPECIALTY HAS SATISFIED ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL

First Specialty has not previously tried to remove this action.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" have consented to join this Notice of Removal and have joined herein.[1]

Lexington has been properly joined and served, and has consented to this Notice of Removal. (Hudson Decl. ¶4)

First Specialty reserves the right to supplement or amend this Notice of Removal.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Monterey and served upon all adverse parties. A notice of the filing of removal and a certificate of service of the notice to Plaintiffs, Lexington, and the Superior Court of the State of California, County of Monterey, are attached hereto as **Exhibit 2**.

///

///

///

///

///

///

///

///

///

///

///

///

---

[1]  For purposes of removal under 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

DLA Piper LLP (US)
San Francisco

-5-

EAST\169064608.1

1

## **PRAYER**

2

3        WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on

4   diversity of citizenship and removal pursuant to 28 U.S.C. § 1441(a) is appropriate. Therefore,

5   First Specialty hereby removes this action now pending against them in the Superior Court of the

6   State of California, County of Monterey to this Court and respectfully requests that this Court

7   assume complete jurisdiction over this action.

8   Dated:  September 18, 2019

9                                       DLA PIPER LLP (US)

10

11

12                      By _____/s/ *Eliot R. Hudson*_____
                            ELIOT R. HUDSON
13                          Attorneys for Defendant
                            FIRST SPECIALTY INSURANCE
14                          CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

-6-

NOTICE OF REMOVAL

**PROOF OF SERVICE**

I, Melissa Bibbs, declare:

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, California 94105-2933.  On September, 18, 2019, I served a copy of the within document(s):

**NOTICE OF REMOVAL**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below via ECF

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 19, 2019, at San Francisco, California.

| | |
|---|---|
| Colin T. Kemp, Esq.<br>Joseph D. Jean, Esq.<br>PILLSBURY WINTHROP<br>SHAW PITMAN LLP<br>Four Embarcadero Center, 22nd<br>Floor<br>San Francisco, California 94111<br>Telephone: 415.983.1000<br>Facsimile: 415.983.1200.<br>colin.kemp @ pillsburylaw .com<br>joseph.jean @pillsburylaw.com<br>Attorneys for Plaintiff ESALEN<br>INSTITUTE | Samuel H. Ruby, Esq.<br>Matthew A. Trejo, Esq.<br>BULLIVANT HOUSER BAILEY PC<br>101 Montgomery Street, Suite 2600<br>San Francisco, CA 94104<br>Telephone: 415.352.2700<br>Facsimile: 415.352.2701<br>E-mail: samuel.ruby@bullivant.com<br>E-mail: matthew.trejo@bullivant.com |
| Monterey County Superior Court<br>240 Church Street<br>Salinas, CA 93901 | |

- 2 -